Frank DUFOUR, an individual, Plaintiff-Appellant,

v.

Robert ALLEN, an individual; et al., Defendants-Appellees.

Frank Dufour, an individual, Plaintiff-Appellee,

v.

Enlightened Wealth Institute International L.C., a Utah corporation and Enlightened Wealth Institute, L.C., a Utah corporation, Defendants-Appellants.

Frank Dufour, an individual, Plaintiff-Appellant,

v.

Robert Allen, in individual, Defendant,

and

National Acceptance Corporation; et al., Defendants-Appellees.

Frank Dufour, an individual, Plaintiff-Appellee,

v.

Robert Allen, in individual, Defendant,

and

National Acceptance Corporation; et al., Defendants-Appellants.

No. 14-56980, No. 14-57009, No. 15-55193, No. 15-55210

United States Court of Appeals, Ninth Circuit.

Argued and Submitted February 7, 2017 Pasadena, California

Filed February 22, 2017

Andrew Jay Kulick, Esquire, Law Offices of Andrew Jay Kulick, Saugus, CA, Marc J. Poster, Greines, Martin, Stein & Richland LLP, Los Angeles, CA, for Plaintiff-Appellant

Scott W. Wellman, Wellman & Warren LLP, Laguna Hills, CA, for Defendants-Appellees Robert Allen, Prosper Holdings, Inc.

Charles L. Perschon, Prince Yeates & Geldzahler, Salt Lake City, UT, for Defendants-Appellees Enlightened Wealth Institute International L.C., Enlightened Wealth Institute, L.C.

William Kelly Nash, Durham Jones & Pinger, P.C., Lehi, UT, for Defendants-Appellees R.A.H.A.D., Inc., D.A.H.A.R., Inc., Education Success Incorporated, Prosper, Inc.

Jered T. Ede, Green & Hall, LLP, Santa Ana, CA, for Defendant-Appellee Freedom Home Mortgage Corporation

Before: THOMAS, Chief Judge, NGUYEN, Circuit Judge, and AMON,[*] District Judge.

## MEMORANDUM[**]

Frank Dufour appeals the district court's grant of summary judgment in favor of Defendants on the ground that the statute of limitations had run on his fraud claims. Dufour also challenges the district court's ruling relating to a settlement offer that he tried to accept in 2013, its dismissal of his cross-cross-claim, and its denial of a continuance on a summary judgment motion to permit him to conduct discovery. Defendants cross-appeal the court's denial of their motion for sanctions against Dufour and his counsel, Andrew Kulick. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

■ 1. The district court correctly granted summary judgment in favor of Defendants on Dufour's fraud claims. Dufour knew the facts supporting his claims at least by May 2008, when he retained an attorney to write complaint letters to one of the current Defendants and to two government bodies. Yet he did not file this lawsuit until February 8, 2012, more than three years later. See Cal. Civ. Proc. Code § 338(d) (stating that fraud claims are subject to a three-year statute of limitations). Dufour argues that because he is still paying on the mortgages for the properties that Defendants fraudulently induced him to purchase, the statute of limitations is extended as long as those payments continue. The cases that he cites, however, do not support his "last overt act" theory because, while Dufour does allege that Defendants conspired to induce him to overpay for the properties, he does not allege that there was any fraud in the financing of those properties. See Wyatt v. Union Mortg. Co., 24 Cal.3d 773, 157 Cal.Rptr. 392, 598 P.2d 45, 53 (1979) (stating that each additional mortgage payment was another overt act delaying the statute of limitations when a conspiracy trapped consumers in usurious loans); see also People v. Beaumont Inv., Ltd., 111 Cal.App.4th 102, 3 Cal.Rptr.3d 429, 457 (2003) (holding that each illegal lease payment was an overt act when mobile home park owners had conspired to violate a city ordinance on rent control). Dufour's mortgage obligations are therefore not additional overt acts during the course of the conspiracy such that they extend the statute of limitations.

■ 2. Dufour next argues that he accepted a valid settlement offer from two of the Defendants, Enlightened Wealth Institute International, L.C. and Enlightened Wealth Institute, L.C., and the district court was wrong to conclude otherwise. California law is clear, however, that "any new offer communicated prior to a valid

[*] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] The parties' motions for judicial notice concerning documents from related court proceedings are **GRANTED**. No. 14-56980, Dkt. Nos. 15, 24, 28, 31. We may take notice of proceedings in both state and federal court if those proceedings have a direct relation to matters at issue. Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002).

acceptance of a previous offer extinguished and replaced the prior one." *Wilson v. Wal-Mart Stores, Inc.*, 72 Cal.App.4th 382, 85 Cal.Rptr.2d 4, 8 (1999). That is exactly what happened here. Before Dufour tried to accept the settlement offer, the offering Defendants objectively manifested the intent to change the offer to include an additional party. As a result, the first offer was extinguished as a matter of law. And even assuming that the first offer had not been extinguished, Defendants chose to revoke it, which they were entitled to do. *See T. M. Cobb Co. v. Superior Court*, 36 Cal.3d 273, 204 Cal.Rptr. 143, 682 P.2d 338, 343 (1984) (holding that California Code of Civil Procedure § 998 offers are revocable until acceptance).

■ 3. A week after the district court granted summary judgment, Dufour filed a cross-complaint to Defendants' cross-complaint. Dufour argues that the district court's dismissal of his cross-cross-claim was error. A cross-claim—and thus a cross-cross-claim—is as a matter of law a separate, simultaneous action. *Bertero v. Nat'l Gen. Corp.*, 13 Cal.3d 43, 51, 118 Cal.Rptr. 184, 529 P.2d 608 (1974). Dufour's claim concerned the same harm alleged in his earlier Fourth Amended Complaint and therefore involved the same "primary right." *See Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 108 Cal.Rptr.3d 806, 230 P.3d 342, 348 (2010). The district court was well within its discretion to dismiss it as duplicative.

■ 4. The district court did not abuse its discretion in denying Dufour's request under Federal Rule of Civil Procedure 56(d) to continue the motion for summary judgment. Dufour not only failed to set forth the specific facts he sought to elicit

* The panel unanimously concludes this case is suitable for decision without oral argument.

from further discovery, but also declined the district court's offer of additional time to comply with Rule 56(d). *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). He had also failed to diligently pursue discovery in the months prior to making the request. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

■ 5. Finally, the district court did not abuse its discretion in failing to impose sanctions on Dufour and Kulick. Although we reject Dufour's argument to extend the statute of limitations, it was not so obviously meritless so as to demonstrate an improper purpose. *See* Fed. R. Civ. P. 11(b)(1).

**AFFIRMED.**